State, ex rel. Daubmann, v. City Council of Camden.

THE STATE, EX REL. JACOB C. DAUBMANN, v. THE CITY COUNCIL OF THE CITY OF CAMDEN.

Under Sections 11 and 14 of the charter of the city of Camden, the office of a councilman becomes vacant, and the right to make an appointment in his stead arises, when he ceases to have such a residence in his ward as will entitle him to be an elector.

On application for *mandamus.*

Argued at June Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the relator, *S. H. Grey.*

For the defendants, *A. Hugg.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The relator sues for a peremptory *mandamus*, requiring the city council of Camden to restore him to his rights and privileges as a member of said council, from which he had been removed.

It is admitted that Daubmann was duly elected and qualified, and took his seat as a councilman from the fifth ward of said city.

He was subsequently elected sheriff of Camden county, and after that election, he removed to the Camden county courthouse, situate in the first ward of said city, for the purpose of discharging his duties as sheriff and keeper of said county jail.

Section 11 of the city charter, (*Laws*, 1871, *p.* 210,) provides, " That no person shall be eligible to any office, at any such election, unless he shall then be an elector and resident of said city; nor shall he be eligible to any office for any ward, unless he shall be an elector and resident of such ward; and when any officer elected at any such election under this act, shall cease to reside in said city, or if elected for any ward, shall cease to reside in such ward, his office shall thereby become vacant."

Section 14 provides, "That in case of death, resignation, disability, disqualification, removal from office, neglect or refusal to act, or removal out of the city or ward of any of the officers thereof elected under this act, or any vacancy in any office, except justices of the peace, it shall be lawful for the city council to appoint others in their stead, until the next city election."

Claiming to act under the authority given by these sections of the city charter, the council ordered the name of the relator to be stricken from its list of members, and thereupon elected another person in his place.

By the eleventh section, to entitle a person to be elected councilman from any ward, he must not only reside in, but be an elector in said ward, and the obvious meaning of the

State, ex rel. Daubmann, v. City Council of Camden.

statute is, that when he loses this qualification, he shall cease to exercise his official functions.

He was required to be not only a resident, but an elector, from the fact that he might be a resident without being an elector, his residence not having been of sufficient duration to entitle him to vote in the ward. If he had not resided in the state one year, or in the county five months, he would not be an elector in the ward, although he might be a resident therein.

His office becomes vacant when he ceases to reside in the ward; when he no longer has such a residence therein as will qualify him to be an elector.

In *Cadwalader* v. *Howell*, 3 *Harr*. 138, it was held that " a man's legal residence is not changed when he leaves it for temporary purposes and transient objects, meaning to return when those purposes are answered and objects attained."

It must be presumed that the word " residence " was adopted in the city charter with this settled signification.

The language of the fourteenth section, that " in case of the removal out of the city or ward, of any of the officers thereof, it shall be lawful for the common council to appoint others in their stead," is relied upon to show that the words " cease to reside," in the eleventh section, have a different meaning from the residence necessary to constitute an elector. This cannot be conceded; the removal contemplated in the former section, is a removal for the purposes of residence—such a removal as would deprive him of his right as an elector of the ward. There is nothing in the charter to indicate a purpose, on the part of the law-maker, to declare the office vacant, in the event that the incumbent removed himself and his family to a cottage at the seaside, for temporary residence for the summer.

The right of the relator to be restored, turns upon the fact whether, at the time of the alleged grievance, he was an elector of the fifth ward of the city.

The relator testifies that after he occupied the court-house, he was registered in the fifth ward; that he always voted there; that he was assessed there and nowhere else; that he

rented his house there upon condition that it should be surrendered to him at any time, on one day's notice; that he left a portion of his furniture in that house; that he was informed by his predecessor that he would not be able to stay in the court-house in the summer, and that he went only temporarily to the court-house, always intending to return to the house in the fifth ward, and to keep and maintain that as his residence.

There is nothing in the case which will justify this court in refusing to believe these statements. Accepting them as true, the relator was illegally ousted. Let a peremptory *mandamus* issue to re-instate him.